UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Board of Trustees of the Automotive Industries Welfare Fund, et al.<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>Crown Chevrolet,<br><br>　　　　　　Defendant.<br>_____/ | No.  C-09-466 WDB<br><br>**REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT** |

　　　　Plaintiffs are trustees of the Automotive Industries Welfare Fund and Automotive Industries Pension Fund, fringe benefit trust funds established for the benefit of members of the Machinists Automotive Trades D.L.190 of Northern California.  *See*, Complaint, filed February 2, 2009.  Defendant, Crown Chevrolet, is an entity that had been doing business in Dublin, California and is bound by a collective bargaining agreement and various trust agreements to make timely contributions to plaintiff trust funds for covered work performed by Crown Chevrolet's employees.  Declaration of Mike Schumacher in Support of Motion for Default Judgment, filed July 14, 2009 ("Schumacher Decl.") at ¶¶2-3 and Ex. 1 and 2.

　　　　On February 2, 2009, plaintiffs filed a Complaint against Crown Chevrolet seeking to collect unpaid contributions allegedly due for the month of November

1

2008 under multi-employer benefit plans pursuant to the governing collective bargaining agreement.

Plaintiffs served defendants with a copy of the Complaint. *See*, Proof of Service of Summons, filed March 30, 2009. Defendant has not filed any response to the Complaint or otherwise appeared in this action.

In response to plaintiffs' application for entry of default, the Clerk of the Court entered default as to Crown Chevrolet on March 31, 2009. *See* Clerk's Notice, filed March 31, 2009.

On July 20, 2009, plaintiffs filed their motion asking the Court to enter judgment by default against Crown Chevrolet. *See*, Motion for Default Judgment ("Motion").

Plaintiffs served defendant with a copy of plaintiffs' Motion and supporting papers. *See*, Proof of Service attached to Motion, filed July 20, 2009. Plaintiffs' Notice of Motion informed defendant that the Court would conduct a hearing in connection with plaintiffs' Motion on September 9, 2009. *See*, Notice of Motion and Motion, filed July 20, 2009. Plaintiffs also served on Defendant a Notice by the Court that the hearing had been continued to September 10, 2009. *See*, Proof of Service, filed on August 4, 2009.

Although plaintiffs served defendant with all documents pertinent to the Motion for Default Judgment, no response was made on defendant's behalf.

On September 10, 2009, the Court conducted a hearing in connection with plaintiffs' Motion. No appearance was made on defendant's behalf.

In their Motion, plaintiffs seek judgment against Crown Chevrolet in the amount $123,198.19 to recover unpaid contributions, liquidated damages, interest through September 9, 2009, and attorneys' fees and costs. Schumacher Decl., at ¶¶8-9 and Ex. 5; Declaration of Michael J. Carroll, filed July 20, 2009, ("Carroll Decl."), at ¶¶2-5. At this time, plaintiffs do not seek an order compelling

2

defendant to submit to an audit of defendant's payroll records. However, plaintiffs ask the Court to reserve their right to conduct an audit in the future. Complaint at ¶11.

We request REASSIGNMENT to a District Court Judge because Defendant has not appeared and, thus, cannot consent to Magistrate Judge Jurisdiction.[1] We also make the following REPORT and RECOMMENDATION.

## I. **Entitlement to Entry of Default Judgment**

The allegations against defendant Crown Chevrolet are deemed admitted by virtue of defendant's default. Crown Chevrolet constitutes an "employer" subject to liability for unpaid contributions pursuant to ERISA, 29 U.S.C. §1132(g) and §1145.

Plaintiffs' counsel has communicated directly with counsel for defendant, Michael Cooper, from Wendel Rosen Black & Dean LLP. Mr. Cooper and Defendant are aware of this action yet still have chosen not to appear. *See* Transcript September 10, 2009, hearing. This fact supports a finding that defendant has chosen not to defend this action and strongly supports plaintiffs' request for judgment by default.

Given defendant's failure to appear and the significant risk of prejudice to the employee beneficiaries of the fringe benefit trusts when an employer fails to make the required contributions, the sufficiency of plaintiffs' complaint, and the apparent merit of plaintiffs' substantive claims, we RECOMMEND that the District Judge FIND that plaintiffs are ENTITLED TO JUDGMENT by default against Crown Chevrolet. *See*, F.R.C.P. 55(b); *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

---

[1] This court is requesting reassignment to a District Court Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).

3

**II.     Specific Items of Relief Sought by Plaintiffs**

Section 1132(g)(2) of ERISA provides that in an action for delinquent contributions

> in which a judgment in favor of the plan is awarded the court *shall* award the plan --
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
> (D) reasonable attorneys' fees and costs of the action . . ., and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. §1132(g)(2) emphasis added.

**A.     Unpaid contributions**

Plaintiffs seek unpaid contributions in the amount $96,849.00 due and owing pursuant to the governing collective bargaining and trust agreements for work performed by covered employees for November 2008 for Employer Account Numbers 04-04664000-02 and 04-04664050-02 for the Welfare Fund, the Pension Fund, and the Apprenticeship Training Fund. Schumacher Decl., at ¶6 and Ex. 5; Transcript, September 10, 2009, hearing. The amount sought represents contributions that were delinquent and unpaid as of February 2, 2009, the date plaintiffs filed this lawsuit.

Defendant has not denied that it became a signatory to a collective bargaining agreement with the Machinists Automotive Trades DL190 of Northern California by virtue of an Agreement signed on February 1, 2008, by a representative of Crown Chevrolet. Schumacher Decl., at Ex. 1. The collective bargaining agreement incorporates applicable Trust Agreements, and signatories

4

agree to be bound by the terms of those agreements. Schumacher Decl., at ¶¶ 2-4 and Ex. 1-4. The collective bargaining agreement governs employer contributions to the various employee fringe benefit trust funds and obligates employers to pay specified amounts into employee benefit funds on behalf of defendant's employees who perform covered work. Shumacher Decl., at ¶2 and Ex. 1.

The evidence indicates that defendant did not invoke the procedures that would release it from its obligations under the collective bargaining agreement. Schumacher Decl., at ¶2-3, 7; Exs. 1 and 6 (information submitted to plaintiffs by defendant about the amounts "[d]elinquent for 11/2008"). Accordingly, Crown Chevrolet is obligated to pay contributions for covered work performed by its employees for November 2008. *Id.*

Because plaintiffs have submitted uncontradicted evidence that defendant failed to make contributions for work performed by covered employees for November 2008 for Employer Account Numbers 04-04664000-02 and 04-04664050-02 for the Welfare Fund, the Pension Fund, and the Apprenticeship Training Fund, in the total amount of $96,849.00, we RECOMMEND that the District Court ENTER JUDGMENT against defendant in the amount $96,849.00 for these contributions due and owing as of February 2, 2009, the date plaintiffs filed this lawsuit.

### B. Liquidated Damages and Interest

Plaintiffs seek liquidated damages and interest relating to the above unpaid contributions for November 2008. Schumacher Decl., at ¶5 and Ex. 4.

The agreements by which defendant is bound provide that defendant is liable for liquidated damages and interest. Schumacher Decl., at ¶3 and Ex. 1, 2 3, and 4. The evidence demonstrates that a Resolution Regarding Liquidated Damages and Interest on Delinquent Employer Contributions provides for liquidated damages at

the rate of 20% of the amount of delinquent contributions once the matter has been referred to collection counsel. Schumacher Decl., at Ex. 4. The Agreement also provides for interest at a rate of 10% simple interest per annum on delinquent contributions. Schumacher Decl., at Ex. 4.

### 1. **Interest**

If the Court enters judgment in plaintiffs' favor for unpaid contributions, ERISA requires the Court to award plaintiffs "interest on the unpaid contributions." 29 U.S.C. §1132(g)(2)(B). ERISA provides that "interest on unpaid contributions shall be determined by using the rate provided under the plan." 29 U.S.C. §1132(g)(2).

Plaintiffs seek interest on the delinquent contributions at the rate of 10% per annum. Schumacher Decl., at ¶¶5, 9. Plaintiffs have submitted evidence that supports a finding that 10% per year is the applicable interest rate under the Trust Agreements. Schumacher Decl., at Ex. 4.

Plaintiffs seek interest for the delinquent Welfare, Pension, and Apprenticeship funds for 263 days, from December 20, 2008 (the date the amounts for November 2008 became delinquent) through September 9, 2009, in the total amount $6,977.39. Schumacher Decl., at ¶9 and Ex. 5; Transcript September 10, 2009 hearing.

We RECOMMEND that the District Judge GRANT plaintiffs' request for a judgment that includes interest through September 9, 2009, at the rate of 10% on contributions that are delinquent for November, 2008, in the amount $6,977.39.

## 2. Liquidated Damages relating to contributions that were delinquent and unpaid as of February 2, 2009

Plaintiffs seek liquidated damages relating to contributions for November, 2008, that were delinquent and unpaid as of February 2, 2009, in the amount $19,371.80. Schumacher Decl., at ¶¶5-8 and Ex. 5-6.

ERISA makes liquidated damages "mandatory and not discretionary" if "the following three requirements [are] satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Northwest Administrators, Inc., v. Albertson's Inc.,* 104 F.3d 253 (9th Cir. 1996) (emphasis added) citing *Idaho Plumbers & Pipefitters v. United Mechanical Contractors, Inc.,* 875 F.2d 212 (9th Cir. 1989).

As previously stated, the relevant agreements provide for an award of liquidated damages on delinquent contributions at the rate of 20% of the amount of delinquent contributions. Therefore, plaintiffs have satisfied the third *Northwest* requirement.

If the District Court adopts our recommendation to enter judgment against defendant for contributions delinquent and unpaid as of February 2, 2009, then with respect to those contributions, plaintiffs will have satisfied the first and second requirements as well.

Therefore, we RECOMMEND that, if the District Court enters judgment against defendant for unpaid contributions that were delinquent and unpaid as of February 2, 2009, the Court also ENTER JUDGMENT FOR LIQUIDATED DAMAGES in connection with those contributions.

ERISA provides that liquidated damages on contributions unpaid at the time the complaint is filed can be awarded in the larger of the amount specified by contract or a second award of interest. Plaintiffs have demonstrated that the amount of liquidated damages specified by the contract is larger than a second

7

award of interest would be. Schumacher Decl., at Ex. 4 and 5. Therefore, it is appropriate to award liquidated damages at the contract rate of 20%. Accordingly, we further RECOMMEND that the District Court enter judgment for liquidated damages in connection with contributions that were delinquent and unpaid as of February 2, 2009, in the amount $19,371.80.

### C. Reservation of Right to an Audit

The collective bargaining agreement obligates the employer to submit monthly reports documenting the number of hours worked by covered employees, together with the monthly payments indicated as owing by each month's report. *E.g.*, Schumacher Decl., at Ex. 6. The governing Trust Agreements also obligate the employer to submit to an audit of its records for the purpose of determining whether the employer has paid the appropriate amount of contributions to the trusts. Schumacher Decl., at Ex. 3.

Plaintiffs do not request that the Court enter a judgment at this time that would compel defendants to submit to an audit for November, 2008. Complaint at 11. However, plaintiffs ask the Court to reserve their right to perform an audit at some later date and to seek additional sums owed at that time. *Id.*; Plaintiffs' Proposed Order at 2.

We RECOMMEND that the District Judge DENY plaintiffs' request for an order reserving plaintiffs' right to an audit at some unspecified time in the future and for a declaration by the Court that entry of judgment in this action will not bar plaintiffs' from later legal action to recover additional delinquent contributions.

Trustees seeking judgment by default for known delinquent contributions often simultaneously ask the Court to compel an audit and retain jurisdiction temporarily in order to amend the judgment *in that action* following the audit — to assure that the judgment reflects the full sum of contributions owing. We routinely recommend granting such requests. In contrast, plaintiffs in this case ask the Court

for an order reserving plaintiffs' right to conduct an audit at some unspecified time in the future, if at all, and to preserve plaintiffs' right to seek additional amounts found owing at some later unspecified date, presumably in a subsequent legal action.  Plaintiffs have not identified authority for obtaining such open-ended relief.

Plaintiffs suggest that *International Union of Operating Engineers v. Karr*, 994 F.2d 1426 (9th Cir. 1993), permits the Court to bifurcate plaintiffs' claim for delinquent contributions in the requested manner.  *See* Proposed Order and Default Judgment at 2.  *Karr* does not support plaintiffs' request.  In *Karr*, the Ninth Circuit clearly stated that an action for delinquent contributions and a subsequent action seeking an audit to verify the accuracy of those contributions and recover additional amounts found owing were part of "the same transactional nucleus of facts."  994 F.2d at 1430.  The Ninth Circuit concluded that the *Karr* action seeking an audit, therefore, was barred by the doctrine of *res judicata*.  994 F.2d at 1431-1432.  It is true that *Karr* does not prohibit parties to a lawsuit for delinquent contributions from <u>agreeing</u> to reserve plaintiffs' right to conduct an audit and seek additional amounts owing at some later time.  994 F.2d at 1432.  However, the capacity of private parties to make such an arrangement cannot be transmuted into authority for the Court essentially to issue a peremptory ruling regarding the *res judicata* effect of this case on some unspecified, later legal action.  Such an order would be advisory at best.

Accordingly, we RECOMMEND that the Court REFRAIN FROM RENDERING AN ADVISORY RULING on the issue of *res judicata*, leaving it for a subsequent court to determine the preclusive effect of this action on a later effort by plaintiffs, if any, to audit the period encompassed by this litigation.

The Ninth Circuit instructs plaintiff trust funds wishing to avoid a risk that *res judicata* will preclude their subsequent claims to bring their "claim to compel an audit and to recover underpaid contributions found by the audit in the same

1  action as their claim for delinquent payments." 994 F.2d at 1430.  Plaintiffs have
2  declined to do so.  Transcript September 10, 2009, hearing.
3       Plaintiffs also have asked this Court to retain jurisdiction over this case and
4  to leave this litigation open or pending for some indefinite period.  We
5  RECOMMEND that this request be DENIED.
6       Finally, the Complaint asks the Court for an order "enjoin[ing] the defendant
7  from violating the terms of the collective bargaining agreement and the Trust
8  Agreements for the full period for which defendant is contractually bound."
9  Complaint at 5, ¶2.  Because Plaintiffs' counsel confirmed on the record that
10 Crown Chevrolet has ceased doing business (*see* Transcript September 10, 2009,
11 hearing; Carroll Decl., Ex. 8), the Court RECOMMENDS that the District Judge
12 DENY this request by plaintiff as moot.

     **D.**    **Attorneys' Fees and Costs**

14      Section 1132(g) of ERISA requires the Court to award plaintiffs "reasonable
15 attorney's fees and costs of the action" when plaintiffs obtain a judgment in their
16 favor or otherwise obtain the relief sought.  29 U.S.C. §1132(g)(2)(D); *Northwest*
17 *Administrators*, 104 F.3d at 258.
18      Plaintiffs seek reimbursement of attorneys' fees and costs in the amount of
19 $1325.  Carroll Decl., at ¶¶2-5 and Ex. 6; Transcript, September 10, 2009, hearing.
20      Plaintiffs seek reimbursement of only a minimal amount of time (four hours)
21 at the rate of $185.00 per hour for Mr. Carroll's work drafting a demand letter, the
22 Complaint, Motion for Entry of Default and Motion for Default Judgment.  Carroll
23 Decl., at ¶¶1-5.  Mr. Carroll also should be compensated for an additional hour to
24 account for the time he spent preparing for and appearing at the hearing on the
25 Motion for Default Judgment.  Transcript September 10, 2009, hearing.  We
26 RECOMMEND that the District Court find that the kinds of tasks performed by
27 counsel were reasonably undertaken.  We also RECOMMEND that the District

1  Court find that counsel expended a reasonable number of hours completing those
2  tasks.
3       Mr. Carroll has roughly thirty years of litigation experience representing
4  multi-employer fringe benefit funds.  Transcript September 10, 2009, hearing.  We
5  have sufficient experience with local billing rates in these kinds of cases (as well as
6  many others) and sufficient familiarity with Mr. Carroll's level of skill and
7  experience from this and other cases, to conclude that Mr. Carroll's billing rate is
8  below the prevailing market rate in the Bay Area for lawyers of his skill and
9  experience doing the kind of work these matters involved.  We, therefore,
10 RECOMMEND that the District Court APPROVE REIMBURSEMENT of Mr.
11 Carroll at the rate of $185.00 per hour for five hours for a total of $925.
12      Plaintiffs also seek costs in the amount of $400.00.  Carroll Decl., at ¶2 and
13 Ex. 7.  These costs were incurred for the Court's filing fee and service of process.
14 *Id*.  The items for which reimbursement is sought constitute taxable costs and/or
15 out-of-pocket expenses normally chargeable to the client.  Civil L.R. 54-3.
16 *Accord*, *Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994) (fee award under 42
17 U.S.C. §1988).  The amounts expended were reasonable.  We, therefore,
18 RECOMMEND that the District Judge GRANT plaintiffs' request for costs in the
19 amount $400.00.
20      In sum, we RECOMMEND that the District Court include in its judgment an
21 award to plaintiffs for five hours expended by their counsel at the rate of $185.00
22 per hour.  We also recommend that the District Court award costs in the amount
23 $400.00.
24      For the reasons set forth above, if the District Court adopts this Court's
25 recommendation to enter judgment in favor of plaintiffs on their claim for unpaid
26 contributions, we RECOMMEND that the District Court AWARD plaintiffs
27 attorneys' fees and costs in the amount $1325.
28

### III. Conclusion

We RECOMMEND that the District Judge ENTER JUDGMENT in plaintiffs' favor and against the entity Crown Chevrolet for unpaid contributions, liquidated damages, and interest through September 10, 2009, as well as for attorneys' fees and costs, **in the total amount $124, 523.19.**

We RECOMMEND that the District Court DENY plaintiffs' request for an order enjoining defendant from violating the terms of the collective bargaining agreement and the Trust Agreements on the ground that plaintiffs' request is moot.

We also RECOMMEND that the District Court DENY plaintiffs' request for an order reserving plaintiffs' right to conduct an audit at some later date and for a declaration that entry of judgment in this action will not bar plaintiffs from later legal action to recover additional delinquent contributions for the same period.

**The Court ORDERS plaintiffs to serve defendant with a copy of this Report and Recommendation immediately.**

IT IS SO REPORTED AND RECOMMENDED.

Dated: 9/11/2009

_____
WAYNE D. BRAZIL
United States Magistrate Judge